Morning counsel. Good morning. May it please the court, Jonathan Libby appearing on behalf of appellant Johnny Morales Castro. Your honors, everything I am wearing right now, other than the white undershirt I have on, would violate the so-called gang conditions that have been imposed on Mr. Castro. In fact, as I looked around the courtroom today, nearly every lawyer who has a gray or black, which are the purported gang colors that Mr. Castro is prohibited from wearing. And in fact, Condition 9 actually prohibits Mr. Castro from wearing or even possessing any of that clothing. Now, the government has characterized this argument actually as frivolous. Where does it say in Condition 9 that he may not wear gray or black? It does not use the words gray or black. What it uses, your honor, is that he shall not wear or possess any gang insignia, symbols, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the middle side gang. The government in its sentencing position paper and at the sentencing hearing indicated that black and gray is in fact the colors for the middle side gang. In fact, part of the argument for why Mr. Castro should be subject to these conditions is that when he was arrested, he was wearing black and gray. So are you really telling... I'm sorry, black and gray? Black and gray, correct. Has to be in combination. I have no idea, your honor. That's not clear. We don't have a booking photo. I don't know if he was wearing a gray sweatshirt and black jeans or what. You're not really saying that if the defendant were to wear the distinguished suit that you appear to be wearing right now, that that would cause him to be subjected for violating Condition 9 by wearing clothing that he knows evidence of affiliation with the middle sex gang? I am saying that, your honor. Because, again, if the colors are black and gray, and the government is not disputed, in its brief it says, yes, well, the fact that black and gray may be more popular colors than other gangs may use... So what should the district judge have said if the judge wanted to achieve the objective of having as a condition of supervised release that the defendant not only not associate with anyone he knows to be a gang member, but doesn't do anything to communicate that he's part of the gang? What should the judge have said? Well, your honor, this is where it gets difficult because one size does not fit all when it comes to supervised release conditions, right? So if, in fact, you know that the particular gang that, by the way, Mr. Castro says he's not part of... I get that. But he's associated with them. He knows people who are. He certainly knows people who are. And the judge wants to keep him away from that. What should the judge have said? Well, again, this is where I don't think that restricting one's clothing, when the colors are so common as black and gray, that the condition is appropriate. I don't think it meets the standard for a special condition that it not involve... Well, this is black and gray together, though. Again, we don't... That's not clear, your honor. Black and gray are the colors. I'm looking at the government's ER 75, the sentencing position lines two through five, where it says, although the PSR does not mention it, the SAPD police report states that at the That's correct, your honor. That's what apparently... I read it as together. And that may be the case, your honor. And this is perhaps why, and we had argued that... Isn't that the reasonable interpretation? Well, I'm not sure, your honor. Those are the colors. And he may have been wearing black and gray together. Now, it's not clear, is it black and gray striped? Does the shirt that he's wearing have to be both black and gray? Or is it if he has a black cap on and then everything else is gray, would that qualify? So it's not entirely clear. Now, so but even if you were to say it has to be in combination that a piece of clothing has to be black and a piece of clothing has to be gray, that still is very limiting in what an individual can wear. Well, we've approved similar gang conditions in the past. So taken to its logical conclusion, does your argument mean that in all cases, the guideline or not the guideline, the condition, the gang condition has to be clothing is taken out? A lot of gangs affiliate themselves through the colors that they choose to wear. Your honor, there is no standard gang condition, okay? Gang conditions are not standard conditions of supervised release. These are special conditions that are crafted in individual cases. Now, it is certainly true that the language that was used here is language that is often  But that goes from district to district. The probation office didn't recommend these conditions. These are conditions that the government asked the court to impose. The probation office took the position that But does your argument call into question the other cases in which the court imposed a similar gang condition? No, your honor. Because the gang conditions that issue in the other cases don't, as here, don't actually discuss the colors. It may not be clear what the colors are for a particular gang. We happen to know what the colors are here. No, it doesn't. This doesn't discuss color either. It says any other clothing that defendant knows evidence in affiliation with a particular gang. So that's correct. Because I think that language has been approved by the circuit in other cases. That's true, your honor. That's certainly true. But we happen to know in this case what those colors are. And that's why I'm saying you have to read the condition in the context of If the colors were purple and fuchsia, we wouldn't have a problem. I think that's probably true, your honor. Because those are not common colors. But they are common here. If the color was red. I mean, obviously, there are many gangs that red is the color. Red is not certainly a color that people I'm not aware of a gang that uses purple and fuchsia. Well, that's correct. For their clothing. It's usually common colors like red, gray, black. But yes. Now, I didn't see any lawyers in court wearing red today. Perhaps there was a tie that I missed. But the fact is there was a lot of gray and black in combination. And it's not unusual for professionals to wear that. And to prohibit someone who, again, may not actually be a member of the gang. And the government says, yes, the court didn't impose this condition because he's an actual gang member. The court imposed this condition because he knows people who are part of this gang. Well, his history as well. I mean, the district court acknowledged that even if he's not a gang member, this restriction is association with gang memberships justified. I'm paraphrasing. Given his history and his association. That's correct, your honor. And this is based primarily on he has an arrest for vandalism arrest when he was a juvenile more than a decade ago. Which the record apparently indicates that it involved a criminal street gang. Though we don't know for sure what the facts are because the record of that arrest was not made available. But it's perfectly appropriate, your honor, if the court wanted to restrict associations. And that seemed to be what the court was talking about. That was the court's concern. That he'd associate with members of the gang in court. In fact, when the court gave its explanation, that was the only thing the court talked about. The court didn't talk about the clothing or the insignias or anything like that. The court talked about the associations. Well, we're not suggesting that he can't be restricted from associating with certain members of gangs. We suggested below and here there's a standard condition that he not associate with known felons. And that's probably enough. But the fact is this condition goes beyond that. It says that it's not just he can't associate with members of this particular gang. It's that he can't wear or even possess any of this clothing. So that's our problem with this condition. Condition 10 indicates that he can't be present in any area in which members of the middle side gang assemble or meet. Now, one of our arguments is this means he can't reside there. The government says, well, that's not true. We wanted that in the condition and the court didn't include that in the condition. But the government hasn't explained how one can at the same time reside at a location that they're not permitted to be present in, because that's the condition, that he can't be present in. And then it goes on to say that that's a good portion of Santa Ana. And this is also where his family is located. So essentially, he's restricted from having access to the people he needs to assist in his rehabilitation. I thought it's just that he can't be present where he knows gang members meet or assemble. That's correct, which is the areas and what the government has said. You said the entire county could be the area? Well, no. We're talking about Santa Ana. And the government indicated in its argument, page 75 of the excerpts, that the middle side gang claims a large area of the neighborhood of southwest portion of Santa Ana. Well, that may be the gang territory, but is that where the gang meets or assembles? Well, which could extend beyond the gang territory. Which makes the condition even. And it does say, as directed by the probation officer. Well, that's true, Your Honor. I would say that doesn't fix the condition, because in the sales case, S-A-L-E-S, which involved computer conditions, this Court said the mere fact that you give the probation officer the right to give permission doesn't mean the probation officer ever will give permission. So that doesn't save a condition that's necessarily bad. You're over time. Thank you, Your Honor. Thank you. Good morning, Your Honors, and may it please the Court. Bram Alden for the United States. There are two principles that this Court's case law establishes that demonstrate why the District Court did not abuse its broad discretion in this case. The first principle is that there's a very low factual threshold that a District Court needs to rely on in order to impose gang conditions. And the second principle is that once that low factual threshold is met, broad gang conditions are, in fact, permissible. I'd like to start with that second principle, because that seems to be what the defendant has focused on today, in terms of what is legally permissible. Now, as Judge Wynn pointed out, this Court's precedents have affirmed nearly identical conditions to the ones at issue in this case. Soltero, which the government cites in our brief, in fact, affirmed a condition that said the defendant shall not wear, display, use, or possess any insignia, emblem, button, badge, cap, hat, scarf, bandana, jewelry, paraphernalia, or any article of clothing which may connote affiliation with or membership in the deli gang, which was the gang in that case. This condition, the clothing restriction in this case, is virtually identical. And I think the really important limitation is the one that Judge Simon is hitting on here, which is that this is a condition that requires that the defendant know his clothing evidence gang affiliation. So just wearing a black business suit, a gray pair of sweatpants, any black and gray, that is not going to violate this condition. Indeed, this Court has repeatedly held that inadvertent violations of supervised release conditions don't actually constitute violations at all. Let me ask you this. I'm a little put off by the possess. I don't know very many people who don't have black pants in their closet and don't have, and a lot of people have gray shirts. And does that really mean that the probation officer can go through and take out all the black pants and gray shirts? No. I think the important limitation here is that even the possess clause is modified by what the defendant knows to evidence gang affiliation. So the purpose of this condition, obviously, is to prevent defendants from demonstrating gang pride in the means of their dress. So the reason that the knowledge mens rea is so critical, and in fact is something that this Court has imputed where these conditions don't actually include that language, is because what the district court is trying to restrict here is a defendant from possessing or wearing clothes that the defendant knows are there or are worn for the purpose of evidencing gang affiliation or gang pride. So if the colors here are black and gray worn together, would the defendant be in violation of this condition by wearing gray sweatpants and a black sweatshirt? Not unless the defendant knows that that is evidencing gang affiliation. So if he and his... Presumably he knows because he's associated with the middle side gang. So let me ask you this. Is it time for us to kind of rethink the breadth of this condition and maybe strike the words use or possess? Because what if he's in his backyard and he's wearing a sweatshirt and pants that are gray and black in combination? That would fit under the terms of the gang condition, but I don't think that would go to what the condition was meant to address. I agree that wouldn't go to what the condition was meant to address, and I don't think that it's necessary to strike or modify the terms because what this Court has done in the past when confronted with similarly broad language is an interpret... According to common sense and what a reasonable person in the defendant's position would know. Well, it sounds like what you're saying, if I'm hearing this right, might be an appropriate addition to this type of language, and that is when all that stuff is worn or possessed or whatever else, quote, with the intent to communicate support or affiliation for a gang. Is that what should be added to this? I don't think that language is necessary. Soltero, which is not that old of a case, affirmed language that was actually broader, which said may connote affiliation with the gang, not even no. So I don't think the intent mens rea is necessary. I think what is necessary, though, is sort of what this Court has done in cases like Ross, which was a case where the defendant had been a member of a white supremacist group and said, can I not possess any text that refers to Nazis? Because his condition prevented Nazi materials or paraphernalia. And this Court said, we have to look at these conditions from the perspective of this defendant. He knows the kinds of things that are intended to evidence a gang affiliation. So that kind of language is not required because the way the Court construes these conditions has to be in a way that renders them constitutional. The other thing that I think is important here is that the language of these conditions, while the government, indeed the defendant is correct, proposed that these conditions be added, the actual precise language was the language that the probation officer put forth as proposed language, even though the probation office did not actually suggest that these conditions be added. The language that the district court actually used was in docket number 31, and that was the probation office's recommendation to the court about potential language that could be incorporated if the court wanted to impose these conditions. The court obviously confronted with the fact that this defendant has a history of gang affiliation, if not membership, and crimes that evidence some relationship with a gang. The court decided in the exercise of its broad discretion that this would benefit the defendant in preventing him from continued recidivism and visiting old haunts or being associated with old friends who otherwise would cause him to engage in a life of crime. That's precisely what this court has said is permissible. The court said that in Bollinger, the court said that in Malone, the court said that this in Evans, and for the purpose of recidivism, conditions like these are appropriate because the defendant, as the affiliate or someone who has relationships or friendships with people in these gangs, knows what is actually prohibited. And if he has any confusion, he can always ask his probation officer or go back to the court and seek a modification. If he believes, Judge Simon, that there is a modification necessary, he can go back to the district court and propose that, and at that point, the court can address whether that would be appropriate. I do have arguments I can make about why the factual record supports the gang conditions here, but if the court doesn't have questions about that, I would just submit. No questions. Thank you, Counsel. Now, I know that the other side's run out of time, but with government's permission, I'll cede a minute of your time so that he can have rebuttal. Thank you, Your Honor. Part of the problem with the government's argument is that it's all fine and good to say, well, this court can interpret the condition to only mean this, that, and the other, but the problem is that the defendant could be arrested by his probation officer because the probation officer believes that his clothing is covered. It could be that he merely has possession of certain clothing in his home and could arrest him. He could be violated. He could be sentenced. He's in prison. And, yes, he can litigate this on appeal and may ultimately win, but ends up doing it. Can he go to the district court if an issue is raised? Yes. Can he go and say, look, we've got a problem here. You've got to change it? And isn't the district court in a better position to modify this than we are? Yes. The difficulty, of course, then, is forcing the defendant to have to go to court in advance. Does he have to wait to see what the probation officer's particular interpretation is before he does that? So he's put in a very difficult position. And if he happens to be an Oakland Raiders fan, and where's Oakland Raiders fans? Well, but even if the government brings him up or probation brings him up on a supervised release violation, there's still like a common sense aspect to how you look at these type of conditions. Absolutely. But he may be forced to be in prison, in jail, awaiting that determination, or the court could go the wrong way. And this court may ultimately say, no, no, no, we didn't mean that when we upheld this condition. Would the problem be solved if the condition had added to it with the intent to communicate support for or affiliation with a gang? That's part one, and I'll give you part two in a minute. It could potentially make it better, but we're still left with, well, what does that mean if he can't wear gray and black? And if he can't wear gray and black and can't possess that clothing, even in the privacy of his home, then that could be a problem. Well, I think that's what it means. He can't wear gray and black because he knows it evidences an affiliation with the middle side gangs. I think that's what the condition means. Which of course makes, because that is so broad, because it includes colors of a lot of clothing, it causes much more difficulty. Supervised release is, to some extent, in lieu of being put in prison longer. It's to assist, and so... With respect, Your Honor, I disagree with that. Supervised release is, this is not in some state courts where that might actually be the case. And this is a probation where that would be in lieu of prison time. Here, supervised release is simply a term added on to, after you get released from, the prison term you've actually served. But it's not in lieu of... All right, but sometimes it could be... Well, you can't do it without a prison term, then you're talking probation. Correct. But this could be to help both protect the community and to ease and rehabilitation for a defendant, and it's for a limited period of time in most circumstances. That's what we're talking about here. And for a limited period of time to get you into a position, Mr. Defendant, so that you're not affiliating with gangs, you can't wear these kind of clothes. No, absolutely. But you also don't want to create a situation where you're setting the defendant up to fail and forcing the defendant to get rid of, you know, perhaps his entire wardrobe and has to purchase a brand new, all new clothing. And, you know, that's where it becomes very difficult when you're dealing with these comments. And that's where you have a combination both of some informed discretion by a district judge in dealing with a supervised release violation contention, and some good sense by a probation officer. Yes, which we all hope occurs. We just don't know that it necessarily will. I thank the Court. Thank you very much, counsel. The matter is submitted.
judges: Schroeder, Nguyen, Simon